**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EARL ROSS and MAXCINE ROSS**                                    **PLAINTIFFS**

**V.**                                          CAUSE NO. 5:17-CV-46-DCB-MTP

**QUALITY HOMES OF McCOMB, INC.,
MISS LOU MOBILE HOME MOVERS, LLC,
PLATINUM HOMES, LLC, JOEY HARBIN,
and U.S. BANK, N.A.**                                              **DEFENDANTS**

<u>**ORDER AND OPINION**</u>

This cause is before the Court on the Court's Order **[Doc. 41]** that Plaintiffs Earl and Maxcine Ross show cause why the remaining counts of their Complaint should not be dismissed with prejudice. Having considered the Rosses' response to the Court's Order, U.S. Bank, N.A.'s opposition[1] to the Rosses' response, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

**I.   BACKGROUND**

Buyers of a manufactured home sued an employee of the home's manufacturer and the bank that financed the purchase after inspecting the home and declaring it "uninhabitable." The Court dismissed with prejudice the portions of the Complaint that advanced legal theories that could not impose liability on these Defendants under any conceivable interpretation of the facts as

---

[1] Defendant Joey Harbin did not file a response in opposition to the Rosses' response to the Court's Order.

pleaded. As to the other portions, the Court ruled that the buyers had not properly pleaded any claims, but offered them the chance to explain how the defects in their Complaint could be cured.

**A.   The Rosses' Manufactured Home Purchase**

On October 17, 2014, Plaintiffs Earl and Maxcine Ross (the "Rosses") bought a manufactured home made by Platinum Homes, LLC ("Platinum") from Quality Homes of McComb, Inc. ("Quality"), a McComb-based retail-seller. [Doc. No. 1, ¶VI][2] U.S. Bank, N.A. ("U.S. Bank") financed the purchase. [Doc. No. 1, ¶VI]

On October 30, 2014, the mobile home was delivered to Quality's lot in McComb. [Doc. No. 1, ¶VIII] That same day, the Rosses inspected the home and found it deficient: it contained "a gap in the ceiling where the roof did not come together," and "sheetrock [that] had fallen from the wall in the living room." [Doc. No. 1, ¶IX] The inspection also revealed an unpleasant chemical odor. [Doc. No. 1, ¶VIII]

**B.   The Rosses Try to Exchange the Home and Rescind the Loan**

Hoping to swap the home for another, the Rosses visited Quality on November 15, 2014. [Doc. No. 1, ¶ XII] On the visit,

---

[2] As a part of the purchase, the Rosses signed a "Platinum Homes, LLC. Limited Warranty" containing a provision requiring the parties to mediate or arbitrate. The Court found that the Rosses, Platinum, and Quality were contractually obligated to resolve their dispute by arbitration. [Doc. No. 40] The Court further found it unnecessary to stay the remainder of this suit pending arbitration. [Doc. No. 40]

the Rosses overheard a phone conversation during which Defendant Harbin, a Platinum manager, said "I am not coming down there to change out nothing for those niggers." [Doc. No. 1, ¶XII] Ultimately, Quality refused to exchange the home for another. [Doc. No. 1, ¶XIII]

Next, the Rosses called U.S. Bank hoping to rescind their loan contract. [Doc. No. 1, ¶XV] In late December 2014, the Rosses spoke with a U.S. Bank employee, explained the problems with the home, and asked to rescind the contract. [Doc. No. 1, ¶XV] U.S. Bank declined. [Doc. No. 1, ¶XV]

**C. The Rosses' Suit**

On April 20, 2017, the Rosses sued Harbin and U.S. Bank for (1) breach of fiduciary duties; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) fraudulent misrepresentation; (5) "unconscionability"; (6) negligent misrepresentation; (7) violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Mississippi Consumer Protection Act ("MCPA"), MISS. CODE ANN. § 75-24-5; (8) slander; and (9) civil rights violations under 42 U.S.C. § 1983.

In response, Harbin and U.S. Bank moved to dismiss [Docs. 9, 27] the Complaint under Federal Rule of Civil Procedure 12(b)(6).

The Court partially granted the motions, dismissing with prejudice all counts except:

- Count I – breach of contract;
- Count II – breach of fiduciary duty;
- Count III – breach of the covenant of good faith and fair dealing;
- Count IV – fraudulent misrepresentation;
- Count VI – negligent misrepresentation; and
- Count VII – MCPA violations.

At issue now is whether these counts too should be dismissed. The Court accorded the Rosses the opportunity to explain why the remaining counts should not be dismissed with prejudice [Doc. 41], and twice granted the Rosses' requests for additional time to file such an explanation. [Docs. 43, 45]

The Rosses have not expressed a desire, whether by separate pleading or memorandum brief, to amend their Complaint.

## II. DISCUSSION

A.  **Count I – Breach of Fiduciary Duty**

The Court's Order advised the Rosses that the Complaint failed to allege a breach of fiduciary duty claim because it lacked the factual allegations necessary to impose a fiduciary duty upon either Harbin or U.S. Bank. [Doc. 41, p. 5]

4

The Order also expressed concern that count I was not intended to apply to Harbin and U.S. Bank. [Doc. 41, p. 5] Specifically, the Order noted that count I's allusion to the "business relationship . . . for the purchase of a manufactured mobile home," strongly suggested that it targeted only Platinum and Quality, the only Defendants with which the Rosses could have had a "business relationship." [Doc. 41, p. 5]

The Rosses' response does not address any of the concerns raised in the Court's Order. The Rosses recycle the argument, applicable only to U.S. Bank, that the mortgagee-mortgagor relationship is fiduciary in nature — an argument the Court rejected in its Order. [Doc. 41, p. 5] Missing are any factual allegations or legal arguments even beginning to suggest that the Rosses could plead the facts necessary to impose a fiduciary duty upon U.S. Bank or Harbin regarding the transactions at issue. See Univ. Nursing Assocs., PLLC v. Phillips, 842 So. 2d 1270, 1275 (Miss. 2003) (en banc) (identifying the situations in which a fiduciary duty may arise).

On count I, the Rosses fail to offer any facts or law showing that the pleading defects detailed in the Court's Order [Doc. 41, pp. 4-5] can be cured by amendment. The Court therefore dismisses count I with prejudice as to U.S. Bank and Harbin.

5

**B.    Count II – Breach of Contract**

The Court's Order advised the Rosses that the Complaint failed to allege a breach of contract claim because it lacked any allegation that either Plaintiff contracted with either Defendant or that, even assuming a contractual relationship was properly pleaded, either Defendant breached the contract. [Doc. 41, pp. 5-6]

In response, the Rosses appear to abandon any breach of contract claim against U.S. Bank. And as to Harbin, the Rosses attempt to substitute the pleaded breach of contract theory for a tort theory. For example, the Rosses admit that they never contracted with Harbin yet insist that Harbin breached a "duty to act reasonably toward the Rosses." [Doc. 46, pp. 1-2]

But the Rosses have not hinted at a desire to amend their Complaint. This suggests to the Court that the Rosses believe that they cannot plead their Complaint in a manner that would avoid dismissal. See Lakiesha v. Bank of New York Mellon, 3:15-CV-901, 2015 WL 5934439, at *13 (N.D. Tex. Oct. 9, 2015). And when plaintiffs fail to amend as of right, like the Rosses here, the Court is not required to give them the opportunity to amend pre-dismissal. See Garrett v. Celanese Corp., 102 Fed. App'x 387, 388 (5th Cir. 2004) (per curiam); Lakiesha, 2015 WL 5934439, at *13.

On count II, the Rosses fail to offer any facts or law showing that they could plead a plausible breach of contract claim against either Defendant. The Court therefore dismisses count II with prejudice as to U.S. Bank and Harbin.

## C. Count III - Breach of the Covenant of Good Faith and Fair Dealing

The Court's Order advised the Rosses that the Complaint stated no claims for breach of the covenant of good faith and fair dealing because it failed to identify any contract from which the covenant could arise. [Doc. 41, pp. 6-7]

In response, the Rosses' simply recite black-letter quasi-contract law. The response makes no effort to pinpoint a contract from which any claim for breach of the covenant of good faith and fair dealing could arise; nor does it attempt to explain how either Defendant could be liable in the absence of a contract.

The Rosses' response confirms that count III's pleading defects cannot be cured by amendment. This claim turns upon the existence of a contract — a contract that the Rosses now appear to concede does not exist. The Court therefore dismisses count III with prejudice as to U.S. Bank and Harbin.

## D. Counts IV and VI – Fraudulent and Negligent Misrepresentation

The Court's Order advised the Rosses that the Complaint failed to state fraudulent and negligent misrepresentation claims against

7

either Defendant because it lacked any allegation that any Defendant made a specific misrepresentation. [Doc. 41, p. 8] The Complaint also omitted such allegations as the maker of the unpleaded misrepresentation, the substance of the misrepresentation, and its materiality. [Doc. 41, p. 11]

The Rosses' response avoids the issues raised by the Court's Order. No misrepresentation is identified. To the contrary, the response details only generalized grievances from which it is difficult to discern whether any such statement would be uncovered in discovery.

On counts IV and VI, the Rosses fail to offer any facts or law showing that the pleading defects detailed in the Court's Order [Doc. 41, pp. 7-11] could be cured by amendment. The Court therefore dismisses counts IV and VI with prejudice as to U.S. Bank and Harbin.

**E.    Count VII — Mississippi Consumer Protection Act Violations**

The Court's Order advised the Rosses that the Complaint failed to state a claim under the Mississippi Consumer Protection Act ("MCPA") against Harbin and U.S. Bank because (1) no connection existed between the allegations of the Complaint and the thirteen statutory examples of "unfair" and "deceptive" practices; and (2) the Complaint did not allege that the Rosses attempted to resolve

their claims through an informal dispute resolution program before filing suit, as the MCPA requires. [Doc. 41, p. 15]

The Rosses' response makes no mention of the MCPA. Their silence on the issue suggests that the defects detailed in the Court's Order [Doc. 41, pp. 14-15] cannot be cured by amendment. The Court therefore dismisses count VII with prejudice as to U.S. Bank and Harbin.

### III. CONCLUSION

The Rosses' response basically ignores the concerns the Court identified in its Opinion and Show Cause Order. It is altogether unclear which claims, if any, the Rosses believe they have and to which Defendant(s) any such claims apply. The Rosses have not expressed a desire to amend their Complaint; nor have they apprised the Court of any facts or law —— relative to any theory, pleaded or otherwise —— that they would have added to their Complaint to sufficiently plead claims upon which relief could be granted against either U.S. Bank or Harbin.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITH PREJUDICE** as to Defendants Joey Harbin and U.S. Bank, N.A.

**SO ORDERED,** this the 11th day of January, 2018.

>                          /s/ David Bramlette
>                          UNITED STATES DISTRICT JUDGE