**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**EARL ROSS and MAXCINE ROSS**                                    **PLAINTIFFS**

**V.**                                             **CAUSE NO. 5:17-CV-46-DCB-MTP**

**QUALITY HOMES OF MCCOMB, INC.,**
**MISS/LOU MOBILE HOME MOVERS, LLC,**
**PLATINUM HOMES, LLC, and**
**JOEY HARBIN**                                                    **DEFENDANTS**

## ORDER AND OPINION

Earl and Maxcine Ross move the Court to enter a default judgment against Miss/Lou Mobile Home Movers, LLC ("Miss/Lou"). For the reasons that follow, the motion is DENIED.[1]

**I. Background**

This dispute arises from Earl and Maxcine Ross's purchase of a mobile home that they describe as "uninhabitable."

The Rosses originally sued five defendants involved in the manufacture, sale, or transportation of the mobile home. See Doc.

---

[1] The Court assumes familiarity with its November 16, 2017 Opinion and Show Cause Order, which describes the Rosses' claims and allegations in greater detail. See Doc. 41.

1, ¶¶ B-F. Only one defendant — Miss/Lou — remains. The Court compelled the Rosses to arbitrate their claims against Quality Homes of McComb, Inc., the home's retail-seller, and Platinum Homes, LLC, the home's manufacturer. See Doc. 40. And the Court dismissed with prejudice the Rosses' claims against Joey Harbin, a Platinum Homes employee, and U.S. Bank, N.A., the bank that financed the Rosses' mobile home purchase. See Doc. 48.

Miss/Lou was charged with transporting and installing the Rosses' mobile home. See Doc. 1, ¶ C. But how and to what extent it is involved in this dispute is unclear; its name is mentioned just once in the complaint, in the section identifying the parties. See Doc. 1, ¶ C. And Miss/Lou is not the focus of any of the complaint's nine counts.[2] See Doc. 1, Counts I-IX.

Miss/Lou's registered agent, David Nichols, was served with process on May 8, 2017 at 7907 Huckleberry Lane, Summit, Mississippi 39666. See Doc. 4, p. 2. Despite proper service, Miss/Lou failed to plead or otherwise defend the Rosses' suit. The Clerk of Court thus entered a Federal Rule of Civil Procedure 55(a) default against Miss/Lou on June 18, 2018. See Doc. 54.

---

[2] The Rosses' complaint complicates the Court's task by failing to identify the defendant(s) against whom each claim is asserted. See Doc. 1, Counts I-IX.

Pointing to the Clerk of Court's entry of default, the Rosses now ask the Court to enter a default judgment against Miss/Lou. See Doc. 55.

## II. Legal Standard

After applying for and obtaining an entry of default, the Rosses moved for entry of a default judgment.[3] FED. R. CIV. P. 55(a)-(b). The Rosses are commended for following the proper Rule 55 sequence, but that, by itself, is no guarantee that a default judgment will be entered against Miss/Lou. Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (Wisdom, J.).

A defendant in default admits only those facts that are well-pleaded — it does not admit legal conclusions. Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481, 491 (5th Cir. 2013). And the Fifth Circuit "h[as] adopted a policy in favor of resolving cases on their merits and against the use of default judgments." In re Chinese Manufactured Drywall Prods. Liability Litig., 742 F.3d 576, 594 (5th Cir. 2014) (citing Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999)).

---

[3] Judge DeMoss distinguished, with lucidity, the concepts of "default," "entry of default," and "default judgment" in New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).

The Court cannot enter a default judgment against Miss/Lou unless the Rosses' complaint contains well-pleaded allegations that provide the Court with a "sufficient basis" for doing so. Wooten V. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). And to provide the Court with a "sufficient basis," the Rosses' complaint must allege a plausible claim against Miss/Lou. Handshoe, 729 F.3d at 491 (citing DynaSteel Corp. v. Aztec Indus., Inc., 611 So. 2d 977, 988 (Miss. 1992); Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (affirming denial of default judgment when allegations of complaint, even if assumed true, failed to allege a claim against the defendant in default).

The Rosses' complaint must contain a short and plain statement of the claim showing that the Rosses are entitled to relief. FED. R. CIV. P. 8(a)(2). To show that they are entitled to relief, the Rosses must plead a plausible claim: A claim supported by factual allegations that allow the Court to reasonably infer that Miss/Lou is liable for the misconduct alleged. Edionwe v. Bailey, 860 F.3d 287, 291 (5th Cir. 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))

**III. Default Judgment Against Miss/Lou**

The Rosses' shotgun-style complaint attempts to allege, against all defendants, claims for (1) breach of fiduciary duty,

4

(2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) fraudulent misrepresentation, (5) unconscionability, (6) negligent misrepresentation, (7) violation of federal and state consumer protection statutes, (8) slander, and (9) violations of 42 U.S.C. § 1983. The Court addresses each in turn.

### A. Breach of Fiduciary Duty

Count I alleges that an unspecified defendant breached an unspecified fiduciary duty. Doc. 1, pp. 10-11. To plead a claim for breach of fiduciary duty, the Rosses must allege that Miss/Lou (1) owed the Rosses a fiduciary duty and (2) breached that duty. Merchants & Planters Bank of Raymond v. Williamson, 691 So. 2d 398, 403 (Miss. 1997). They fail to do so.

Count I does not mention Miss/Lou. And it is unclear how Miss/Lou — the transporter and installer of the Rosses' mobile home — could owe the Rosses a fiduciary duty. It is not the Court's role to surmise a set of facts which, if pleaded, could create a fiduciary relationship between a mobile home's installer and the mobile home's buyers. Further, the focus of Count I appears to be the "business relationship . . . for the purchase of a manufactured mobile home." That "business relationship" was with either Quality Homes of McComb, the retail-seller, or Platinum Homes, the manufacturer. It was not with Miss/Lou. According to

5

the Rosses' complaint, Miss/Lou transports and installs mobile homes — it does not sell them.

The Rosses' complaint fails to allege a plausible breach of fiduciary duty claim against Miss/Lou. And because the Rosses fail to plead a plausible breach of fiduciary duty claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206; Scott v. Carpanzano, 556 F. App'x 288, 297 (5th Cir. 2014) (per curiam) (reversing district court's entry of default judgment against defendant where complaint lacked specific factual allegations to support claims against defendant).

**B. Breach of Contract**

Count II is styled breach of contract, but it contains the same allegations as Count I. To plead a claim for breach of contract, the Rosses must allege that they contracted with Miss/Lou and that Miss/Lou breached the contract. Business Communications, Inc. v. Banks, 90 So. 3d 1221, 1225 (Miss. 2012).

Count II, like Count I, does not mention Miss/Lou. And the thrust of Count II, like Count I, is the "business relationship . . . for the purchase of [the] home." Again, the only parties with which the Rosses could have had any "business relationship" for the purchase of the mobile home are Quality Homes of McComb and Platinum Homes.

The Rosses' complaint fails to allege a plausible claim for breach of contract against Miss/Lou because the complaint does not allege that the Rosses contracted with Miss/Lou. Because the Rosses' complaint fails to allege a plausible breach of contract claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

### C. Breach of the Covenant of Good Faith and Fair Dealing

Count III alleges that an unspecified defendant breached the covenant of good faith and fair dealing by "evading the spirit" of an unidentified contract "by sending a home not agreed upon." Doc. 1, p. 12. A party cannot plead a plausible claim for breach of the covenant of good faith and fair dealing against a party with which it has no contract. See, e.g., Ware v. U.S. Bank Nat'l Assoc., No. 3:13-CV-387-DPJ-FKB, 2014 WL 12642116, at *2 (S.D. Miss. Apr. 15, 2014).

The Rosses' complaint fails to allege a plausible claim for breach of the implied covenant of good faith and fair dealing against Miss/Lou because the complaint does not identify a contract between the Rosses and Miss/Lou. And because the Rosses' complaint fails to allege a plausible claim for breach of the implied covenant of good faith and fair dealing against Miss/Lou, the Court

7

lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

**D. Fraudulent Misrepresentation**

Count IV alleges that an unspecified defendant committed an unspecified fraudulent misrepresentation. To plead a plausible fraudulent misrepresentation claim, the Rosses must allege

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

Elchos v. Haas, 178 So. 3d 1183, 1198 (Miss. 2015).

The Rosses' complaint fails to allege a plausible fraudulent misrepresentation claim against Miss/Lou because the complaint does not identify a representation by Miss/Lou. Because the Rosses' complaint fails to allege a plausible fraudulent misrepresentation claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

**E. Unconscionability**

Count V attempts to allege an "unconscionability" claim. Unconscionability is a defense to enforcement of a contract; it is

not an affirmative claim. See Caplin Enterprises, Inc. v. Arrington, 145 So. 3d 608, 614 (Miss. 2014).

The Rosses' complaint fails to allege a plausible claim against Miss/Lou for unconscionability because unconscionability is not a cognizable claim. See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (legal theory must be cognizable for complaint to present a plausible right to relief). Because the Rosses' complaint fails to allege a plausible unconscionability claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

**F. Negligent Misrepresentation**

Count VI attempts to allege a negligent misrepresentation claim. To plead a plausible negligent misrepresentation claim, the Rosses must allege (1) Miss/Lou made a misrepresentation, (2) the misrepresentation was material, (3) Miss/Lou failed to exercise that degree of diligence and expertise the public is entitled to expect, (4) the Rosses reasonably relied on Miss/Lou's misrepresentation, and (5) Miss/Lou's misrepresentation caused the Rosses damages. Horace Mann Life Ins. Co. v. Nunaley, 960 So. 2d 455, 461 (Miss. 2007).

The Rosses' complaint fails to allege a plausible negligent misrepresentation claim against Miss/Lou because the complaint

9

fails to identify any misrepresentation Miss/Lou made. And the allegations of Count VI make it impossible for the Court to determine which defendant allegedly committed which misrepresentation. Because the Rosses' complaint fails to allege a plausible negligent misrepresentation claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

### G. Federal and State Consumer Protection Laws

Count VII of the Rosses' complaint simply lists four statutes and concludes that "defendants' unfair or deceptive trade practice is prohibited." See Doc. 1, p. 15. The Rosses make no effort to tailor any of their allegations to any cited statute. And Miss/Lou's involvement, if any, is not explained. The Rosses' complaint thus fails to allege a plausible claim against Miss/Lou for violation of any of the cited (but unexplained) consumer protection laws. Because the Rosses' complaint fails to allege a plausible claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. Nishimatsu, 515 F.2d at 1206.

### H. Slander

Count VIII of the Rosses' complaint alleges that "defendants" slandered the Rosses when Platinum Homes employee Joey Harbin

called the Rosses "niggers." The allegations of Count VIII have nothing to do with Miss/Lou. The Rosses therefore fail to plead a plausible slander claim against Miss/Lou. Because the Rosses' complaint fails to allege a plausible slander claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou on the claim. <u>Nishimatsu</u>, 515 F.2d at 1206.

### I. Section 1983

Count IX of the Rosses' complaint attempts to allege a claim for emotional distress under 42 U.S.C. § 1983. On this count, the Rosses' allegations are conclusory and confusing. The Rosses allege that they have "suffered mental anguish and emotional distress" as a result of the misrepresentations and racial slurs of unspecified defendants. Miss/Lou's involvement is again unexplained. Thus, Count IX fails to allege a plausible claim § 1983 claim against Miss/Lou. Because the Rosses' complaint fails to plead a plausible § 1983 claim against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou. <u>Nishimatsu</u>, 515 F.2d at 1206.

**IV. Conclusion**

The Rosses' complaint fails to supply the Court with well-pleaded allegations which, if assumed true, would establish Miss/Lou's liability on any claim. Because the Rosses' complaint does not allege any plausible claims against Miss/Lou, the Court lacks a "sufficient basis" to enter a default judgment against Miss/Lou. See Nishimatsu, 515 F.2d at 1206; Lewis, 236 F.3d at 767. If the Rosses wish to obtain a default judgment against Miss/Lou, they must provide the Court with a "sufficient basis" for doing so by amending their complaint to allege a plausible claim against Miss/Lou.

Accordingly,

IT IS ORDERED that Earl and Maxcine Ross's motion for default judgment against Miss/Lou Mobile Home Movers, LLC **[Doc. 55]** is DENIED.

SO ORDERED, this the 26th day of July, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE